## GREENE v. MINDELL.
### No. 903.

Municipal Court of Appeals for the District of Columbia.

Argued March 20, 1950.

Decided April 20, 1950.

Rehearing Denied May 2, 1950.

I. H. Halpern, Washington, D. C., for appellant.

H. Max Ammerman, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Wilbur Greene brings here for review an order of the trial court directing a verdict against him in his suit to recover a deposit on the purchase of real estate.

We must first consider a motion to dismiss which is urged upon us by appellee. This motion was first presented immediately after the record was filed here, but desiring to avoid a precipitate ruling, we ordered action thereon reserved until the hearing of the appeal on its merits. Such hearing has now been had and the motion to dismiss has been fully presented, and argued orally by both counsel. It is based upon the fact that the record on appeal was filed late and in disregard of an order we had issued denying an extension of time for filing thereof.

We had earlier granted appellant an extension of time in which to file his statement of errors and designation of record, and we had also extended his time until December 24, 1949 to file statement of proceedings and evidence. On January 10, 1950 appellant filed a motion for a further extension to settle statement of proceedings and evidence, and on January 16th filed a motion for a further extension to settle and correct statement of proceedings and evidence. We entered an order on January 18, 1950 denying any further extension. Despite our order and in disregard thereof appellant docketed in this court on January 24, 1950 a record on appeal containing among other things a stenographic transcript, an amended statement of proceedings, a motion to correct the stenographic transcript, and also an amended statement of errors.

The appeal should be dismissed. Not only was it filed late, it was filed without authority and in complete disregard of our order refusing further extensions. If efforts of this kind were to succeed, rules of court would soon become meaningless, attorneys could make their own time lim-

itations, parties would not know whether they are in court or out, and judicial procedure would become a mere game without rules.

Though we are dismissing the appeal, we take time to note that we have studied the merits of the case and are satisfied that even if it had been brought here properly and timely, an affirmance would have resulted.

Appellant brought his suit on the claim that he had made a deposit of $250 on the purchase of real estate from the appellee, and that he was entitled to recover the deposit because of appellee's failure to perform. It was on that claim that the case was brought to trial. In his opening statement to the jury, counsel for appellant revealed for the first time that he intended to prove lack of mutuality of assent and fraudulent alteration of the written contract as additional grounds for recovery. Appellee objected on the ground that fraud had not been pleaded. With commendable foresight and fairness, the trial judge explained to appellant's counsel the risk of proceeding on his bill of particulars as drawn and offered him an opportunity to amend so as to include a charge of fraud. Appellant's counsel declined this offer and the trial proceeded on the original theory of breach of contract.[1] Not only did appellant (plaintiff) fail to show that defendant had not performed, but the evidence established without dispute that it was plaintiff himself who breached the contract, failing to put up the $750 due as balance of the down payment, "because I did not have it." Plaintiff also said that when the first settlement meeting was had at the title company he overheard a statement by "one of the men" working at the title company that appellee did not own the property and could not sell it. But the "man" was not produced as a witness nor identified further in any way. Nor did the evidence show that appellant or the attorney who was then representing him made any further inquiry into the matter. Under this

set of facts it would have been plainly improper for the trial judge to submit the case to the jury, there being no evidence to support a verdict for plaintiff.

Referring to another assignment of error, appellant says the trial judge refused to make findings of fact and conclusions of law. Rule 48(b) of the Municipal Court authorizes such procedure "in all actions tried upon the facts without a jury," but the trial in this case was *with* a jury and such special findings by the trial judge would have been neither authorized nor appropriate. There is no more merit in appellant's other contentions.

Appeal dismissed.

---

[1]. At the end of the trial appellant did seek leave to amend. This was not acted on (or at any rate, not granted). And though appellant has assigned 35 errors, refusal of leave to amend is not one of them.